# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | |
| ) | Case No. 07-cr-40057-JAR-1 |
| RUBEN ALVARADO CASTRO,  ) | |
| ) | |
| Defendant.  ) | |
| _____) | |

## ORDER

In March 2008, defendant Ruben Alvarado Castro pled guilty to one count of possession of a firearm after previously being convicted of domestic battery. The court sentenced him to 80 months imprisonment. Since that time, defendant has not filed any appeal with this Court. This matter comes before the Court on defendant's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 28) and Motion for Transcripts and Docket Copies (Doc. 27). Neither of these requests is properly before the Court.

The exclusive provision governing requests by indigent prisoners for free transcripts is 28 U.S.C. § 753(f).[1] "Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcripts in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit."[2] In any other appeal, the defendant must show that the appeal presents a

---

[1] *See Sistrunk v. United States*, 992 F.2d 258, 260 (10th Cir. 1993).

[2] *Id.* at 259.

substantial question before a free transcript is available.[3] "Moreover, a habeas corpus petition must be filed to trigger the statute that explicitly grants indigent habeas corpus petitioners 'documents' or 'parts of the record' without cost."[4]

Here, defendant requests transcripts and documents in contemplation of a habeas petition but has not yet filed a petition. Defendant states that he intends to file his habeas petition "concerning matters involving the execution of his sentence and his counsel's failure to file an appeal as he requested counsel do." He also states that the transcripts and documents are needed "before he can properly access the courts." Still, defendant has not met the requirements of § 753(f) for free transcripts because he has not shown that his appeal presents a substantial question, nor has he shown that the transcripts are needed to decide the issue presented by the habeas appeal. And he has not met the requirements of § 2250 for free documents or parts of the record because he has not filed a habeas petition. Thus, the Court denies his motions at this time.

If the defendant requests, however, he can obtain copies of the record and transcript at his own expense. For example, the Clerk of the Court will make copies of specifically requested documents in exchange for a fee of 10 cents per page. The Court directs the Clerk of the Court to send the docket sheet along with this Order to defendant. Defendant may request any unsealed document filed in this matter and is directed to send any such request, along with the requisite fee, to the Clerk of the Court.

---

[3] 28 U.S.C. § 753(f).

[4] *United States v. Lewis*, 37 F.3d 1510, 1994 WL 563442, *1 (10th Cir. Oct. 14, 1994) (citing 28 U.S.C. § 2250; *United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278, 278–79 (5th Cir. 1970)).

Additionally, if defendant files a habeas petition and then specifically requests a free copy of documents and transcripts, indicating with particularity how each will aid him in furtherance of his motion, the Court would reconsider his requests at that time.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 28) and Motion for Transcripts and Docket Copies (Doc. 27) are **DENIED**, without prejudice.

**IT IS SO ORDERED**.

Dated: September 27, 2011

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE